# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**CRAIG ALLEN INGRAM**,

        Petitioner,

v.                                                                                     Civil Action No. 1:10cv77
                                                                                       (Judge Keeley)

**KUMA J. DEBOO, Warden,**

        Respondent.

## OPINION/REPORT AND RECOMMENDATION

### I. Procedural History

The *pro se* petitioner initiated this case on May 12, 2010, by filing an Application for Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Dckt. 1] The petitioner is currently serving a 240-month federal sentence imposed in the United States District Court for the Western District of Michigan. [Dckt. 17 at 1] In the petition, the petitioner challenges the computation of his sentence by the Bureau of Prisons ("BOP"). Specifically, he seeks 17 months of jail credit for time spent in state custody between May 31, 2007 and October 9, 2008. [Dckt. 1 at 4]

On June 22, 2010, the undersigned conducted a preliminary review of the file, determined that summary dismissal was not warranted at that time, and directed the respondent to show cause why the petition should not be granted. [Dckt. 13] On July 21, 2010, the respondent filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment and Response to Show Cause Order. [Dckt. 16] Because the petitioner is proceeding without counsel in this case, a <u>Roseboro</u> Notice was issued advising the petitioner of his right to file a response to the respondent's motion.

[Dckt. 18] The petitioner filed a "Motion Not to Dismiss [His] Motion or in the Alternative Response Against Summary Judgment." [Dckt. 20]

This case is before the undersigned for a Report and Recommendation on the petition, the respondent's motion and the petitioner's response and motion.

## II. Petitioner's Conviction and Sentence

According to the parties, the petitioner was arrested on a parole violation by the State of Michigan on May 31, 2007, and placed in state custody. [Dckt. 17 at 2]. On February 8, 2008, he was taken into federal custody pursuant to a federal writ to face drug conspiracy charges in the United States District Court for the Western District of Michigan. *Id.* at 1-2. The petitioner subsequently pleaded guilty to the federal charges, and on October 9, 2008, was sentenced to a 240-month term of imprisonment. *Id.* at 2. His federal sentence was ordered to run concurrent to any state sentence he was then serving. *Id.* On October 30, 2008, the petitioner was returned to state custody. *Id.*

On April 7, 2009, the petitioner was paroled from his Michigan state sentence and released to the custody of the United States Marshal Service. *Id.* The BOP has commenced the petitioner's federal sentence on October 9, 2008, the date it was imposed. *Id.* at 2-3. The BOP has not credited the petitioner with time spent in state custody prior to the imposition of his sentence, as that time has been credited to his state sentence. *Id.* at 3. The petitioner's current projected release date, with good conduct time, is March 12, 2026. *Id.*

## III. Contentions of the Parties

**A. The Petition**

In the petition, the petitioner contends that his sentence has been miscalculated by the BOP.

2

Specifically, he asserts that he is entitled to jail credit for the time served between May 31, 2007 (the date of his arrest) and October 9, 2008 (the date his federal sentence was imposed).

**B.    The Respondent's Motion and Response**

In response to the petition, the respondent asserts that the petition should be denied and dismissed for the following reasons:

(1) the petitioner failed to exhaust administrative remedies; and

(2) the petitioner's federal sentence has been properly calculated.

**C.    The Petitioner's Motion and Response**

In response to the respondent's motion, the petitioner seemingly concedes that he failed to properly exhaust his administrative remedies, but argues that such failure was due to the BOP's loss of his first institutional remedy. [Dckt. 20 at 2]. Thus, the petitioner argues that the failure to exhaust was through no fault of his own and that his petition should not be dismissed for that reason. *Id.*

Next, the petitioner asserts that the plain language of his Judgment and Commitment Order ("J&C") states that his federal sentence is to run concurrent to his state sentence. *Id.* at 3. Therefore, the petitioner asserts that he is entitled to day-for-day credit on his state and federal sentences. *Id.* at 3-6. Moreover, he asserts that summary judgment is not appropriate in this case because a genuine issue of material fact exists; to wit, whether or not the plain language of his J&C provides that he is entitled to the jail credit in question. *Id.* at 4.

**IV.    Analysis**

**A.    Exhaustion of Administrative Remedies**

To the extent that exhaustion has been applied to habeas corpus, such a requirement is not

3

mandated by statute. Instead, exhaustion prerequisites in habeas corpus actions arising under § 2241 are merely judicially imposed. Because the exhaustion requirement is only judicially imposed in habeas proceedings, it follows that a court has the discretion to waive that requirement in certain circumstances. See LaRue v. Adams, 2006 WL 1674487 *8 (S.D.W.Va. June 12, 2006) (recognizing that several circuit and district courts have found that the exhaustion requirements may be waived under § 2241 and noting that although the Fourth Circuit has not directly addressed this issue, it has shown a willingness to adopt a futility exception to the general exhaustion requirement in habeas corpus actions).

Here, it is not disputed that the petitioner failed to exhaust his administrative remedies prior to filing suit in this Court. Nonetheless, this case has been served, a response has been filed, and the matter is ripe for review. Therefore, to dismiss this case for the failure to exhaust at this juncture of the litigation would be a waste of judicial time and resources.

In addition, it appears that the petitioner did in fact attempt to exhaust his administrative remedies. Whether through his fault or not, the petitioner failed to do so in a proper manner. However, there is no suggestion that the petitioner has attempted to circumvent the exhaustion requirement or otherwise avoid the proper procedural requirements. Accordingly, the undersigned recommends that exhaustion be waived and this case proceed to a determination on the merits.

**B.    Calculation of the Petitioner's Federal Sentence**

It is well established that the BOP is charged with the responsibility of sentence computation and other administrative matters regarding the length of a prisoner's confinement. See United States v. Wilson, 503 U.S. 329, 112 S.Ct. 1351 (1992) ( the Attorney General, through the BOP, has the responsibility for administering federal sentences); United States v. Lucas, 898 F.2d 1554 (11th Cir.

4

1990) (the power to grant jail time credit lies exclusively with the Attorney General). In this case, the petitioner argues that the BOP has failed to award him the appropriate amount of jail credit. Because the petitioner's federal sentence was imposed after November 1, 1987, such credit is governed by 18 U.S.C. § 3585.

A defendant can receive prior custody credit under § 3585(b) if:

> (1) he was in official detention because of the offense for which the sentence was imposed; or
>
> (2) he was in official detention as a result of another charge for which he was arrested after the commission of the current offense, if that time has not been credited against another sentence.

In this instance, the petitioner was taken into federal custody pursuant to a Writ of Habeas Corpus Ad Prosequendum. Therefore, the petitioner was "borrowed" from the state of Michigan only for the purposes of making a plea and for sentencing. United States v. Evans, 159 F.3d 908, 911 (4th Cir. 1998); see also Causey v. Civiletti, 621 F.2d 691 (5th Cir. 1980). The State of Michigan retained primary jurisdiction over the petitioner during this time and credited his state sentence for the time spent in custody between May 31, 2007 and October 9, 2008. Consequently, that time cannot now be credited to the petitioner's federal sentence, as to do so would be an unauthorized award of double credit.

Additionally, because of the concurrent nature of his federal sentence, the BOP has awarded the petitioner credit toward his federal sentence for the time spent in state custody after the date on which it was imposed. See Resp't Ex. 1 at ¶ 10. Commencement of the petitioner's sentence on the date imposed, even if concurrent with another sentence already being served, is not in error. See United States v. Flores, 616 F.2d 840 (5th Cir. 1980) (the earliest date a federal sentence can commence is the date it is imposed, even if made concurrent with a sentence already being served).

Accordingly, the petitioner's federal sentence has been properly computed and the petitioner is not entitled to relief under § 2241.

## V. Recommendation

For the reasons stated, the undersigned makes the following recommendations:

(1) The respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (dckt. 16) be **GRANTED in part** and **DENIED in part**. Specifically, the undersigned recommends that the respondent's motion be denied to the extent that it seeks the dismissal of the petitioner's claim for the failure to exhaust administrative remedies, but granted to the extent that it seeks summary judgment on the merits of the petitioner's claims.

(2) The petitioner's motion to not dismiss his petition (dckt. 20) be **DENIED**.

(3) The petition (dckt. 1) be **DENIED** and **DISMISSED with prejudice** from the active docket of this Court.

Within **fourteen (14) days** after being served with a copy of this Opinion/Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Irene M. Keeley, United States District Judge for the Northern District of West Virginia. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. See 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Opinion/Report and Recommendation to the *pro*

*se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to counsel of record via electronic means.

DATED: August 24, 2010.

*John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE