# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CRAIG ALLEN INGRAM,

      Petitioner,

v.                //        CIVIL ACTION NO. 1:10CV77
                                      (Judge Keeley)

KUMA J. DEBOO, Warden,

      Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], GRANTING-IN-PART AND DENYING-IN-PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 16], DENYING PETITIONER'S MOTION TO NOT DISMISS PETITION [DKT. NO. 20], AND DENYING AND DISMISSING WITH PREJUDICE PETITION [DKT. NO. 1]

### I. INTRODUCTION

On May 12, 2010, the pro se petitioner, Craig Allen Ingram ("Ingram"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (dkt. no. 1), in which he challenges the Bureau of Prisons's ("BOP") computation of the sentence imposed by the United States District Court for the Western District of Michigan. Specifically, Ingram asserts that he should receive credit for time he served between May 31, 2007 and October 9, 2008.

### II. FACTUAL BACKGROUND

On May 31, 2007, the Michigan State Police arrested Ingram and took him into custody for violating his state parole. On February 8, 2008, Ingram was taken into federal custody pursuant to a writ of habeas corpus ad prosequendum, but the State of Michigan retained primary jurisdiction over him.

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21],
GRANTING-IN-PART AND DENYING-IN-PART RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT [DKT. NO. 16], DENYING PETITIONER'S
MOTION TO NOT DISMISS PETITION [DKT. NO. 20], AND DENYING
AND DISMISSING WITH PREJUDICE PETITION [DKT. NO. 1]**

On May 16, 2008, Ingram pleaded guilty to conspiring to distribute more than 50 grams of cocaine base in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A)(iii) before the Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan. On October 9, 2008, Judge Bell sentenced Ingram to 240 months of incarceration, to be served concurrently with any state sentence he was serving. See United States v. Ingram, No. 1:07CR233 (W.D. Mich. Oct. 10, 2008) (dkt. no. 55). The federal authorities returned Ingram to state custody on October 30, 2008. Thereafter, on April 7, 2009, Michigan authorities paroled Ingram and released him to the custody of the United States Marshal Service. Once in federal custody, the BOP awarded Ingram credit toward his federal sentence from the date of imposition, October 9, 2008, but gave him no credit for the time he had spent in state custody between May 31, 2007 and October 8, 2008.

### III.  MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The Court referred this matter to the Honorable John S. Kaull, United States Magistrate Judge ("Magistrate Judge Kaull"), for initial screening and a report and recommendation ("R&R") in accordance with Local Rule of Prisoner Litigation Procedure 2.  On

2

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], GRANTING-IN-PART AND DENYING-IN-PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 16], DENYING PETITIONER'S MOTION TO NOT DISMISS PETITION [DKT. NO. 20], AND DENYING AND DISMISSING WITH PREJUDICE PETITION [DKT. NO. 1]**

July 21, 2010, the respondent, Kuma J. Deboo ("DeBoo"), filed a motion for summary judgment asserting that Ingram had failed to exhaust his administrative remedies and that the BOP had properly calculated his sentence (dkt. no. 16). Following the issuance of a <u>Roseboro</u> notice (dkt. no. 18), Ingram filed a motion on August 6, 2010 urging the Court to deny the government's motion (dkt. no. 20).

On August 24, 2010, the magistrate judge issued an R&R that recommended Ingram's failure to exhaust his administrative remedies be waived and his petition challenging the BOP's computation of his sentence be denied and dismissed with prejudice. In making this recommendation, Magistrate Judge Kaull concluded that the BOP had properly credited the time between May 31, 2007 and October 9, 2008, toward Ingram's state sentence and that, under 18 U.S.C. § 3585(b)(2), he was not entitled to receive credit for that time toward his federal sentence. The R&R also specifically warned Ingram that failure to object to the recommendation within fourteen days of its receipt would result in his waiver of any appellate

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], GRANTING-IN-PART AND DENYING-IN-PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 16], DENYING PETITIONER'S MOTION TO NOT DISMISS PETITION [DKT. NO. 20], AND DENYING AND DISMISSING WITH PREJUDICE PETITION [DKT. NO. 1]**

rights on these issues.[1]  On September 1, 2010, Ingram filed timely objections to the R&R.

## IV. STANDARD OF REVIEW

In reviewing a magistrate judge's R&R, the Court reviews <u>de novo</u> any portions of the R&R to which a specific objection is made, 28 U.S.C. § 636(b)(1), but may adopt, without explanation, any of the magistrate judge's recommendations to which no objections are filed.  <u>Camby v. Davis</u>, 718 F.2d 198, 199 (4th Cir. 1983); <u>see also</u> <u>Nettles v. Wainwright</u>, 656 F.2d 986, 986-87 (5th Cir. 1981).  A failure to file specific objections "waives appellate review of both factual and legal questions."  <u>Moore v. United States</u>, 950 F.2d 656, 659 (10th Cir. 1991).

## V. DISCUSSION

In his objections, Ingram reasserts that he should receive credit toward his federal sentence for the time he served in state custody between May 31, 2007 and October 9, 2008.  His objections, however, fail to identify any errors in the legal reasoning of the

---

[1]     The failure to object to the R&R not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a <u>de novo</u> review of the issue presented.  <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985); <u>Wells v. Shriners Hosp.</u>, 109 F.3d 198, 199-00 (4th Cir. 1997).

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], GRANTING-IN-PART AND DENYING-IN-PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 16], DENYING PETITIONER'S MOTION TO NOT DISMISS PETITION [DKT. NO. 20], AND DENYING AND DISMISSING WITH PREJUDICE PETITION [DKT. NO. 1]**

magistrate judge and lack specificity. Moreover, Ingram fails either to acknowledge or dispute the fact that he received credit toward his state sentence for the time he spent in state custody between May 31, 2007 and October 8, 2008.

18 U.S.C. § 3585(b)(2) permits a defendant to receive credit toward his federal sentence for the time he spent in official detention prior to the commencement of the sentence only when that time "has not been credited against another sentence." Accordingly, under the statute's plain language[2] Ingram cannot receive credit for time served in states custody toward his federal sentence. The BOP's computation of Ingram's sentence is correct.

## VI. CONCLUSION

For the reasons discussed, the Court **ADOPTS** Magistrate Judge Kaull's R&R (dkt. no. 21), **GRANTS-IN-PART** and **DENIES-IN-PART** DeBoo's motion for summary judgment (dkt. no. 16), **DENIES** Ingram's

---

[2]    18 U.S.C. § 3585(b)(2), in pertinent part, states: "A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences- . . . (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

**ORDER ADOPTING REPORT AND RECOMMENDATION [DKT. NO. 21], GRANTING-IN-PART AND DENYING-IN-PART RESPONDENT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 16], DENYING PETITIONER'S MOTION TO NOT DISMISS PETITION [DKT. NO. 20], AND DENYING AND DISMISSING WITH PREJUDICE PETITION [DKT. NO. 1]**

motion (dkt. no. 20), and **DISMISSES** Ingram's petition **WITH PREJUDICE** (dkt. no. 1).

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court directs the Clerk to enter a separate judgment order and to transmit copies of each order to counsel of record and to the pro se petitioner, certified mail, return receipt requested.

Dated: October 7, 2010.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE